## VINCENT et al. v. UNITED STATES et al.

(Circuit Court of Appeals, Ninth Circuit. May 9, 1921.)

No. 3614.

1. **Seamen ⚖═33—Refusal of charge held without fair ground of dispute.**

Where the shipping articles of seamen called for a voyage from San Francisco to Manila for a term not exceeding six months, the seamen were entitled to their discharge on the first arrival of the vessel at Manila, less than three months from her leaving San Francisco, and the refusal of discharge by the master was without fair ground of dispute, though the collector of customs at Manila wrote a letter stating that the master had rated the seamen as deserters, which his office confirmed, so that the seamen were entitled to double wages under Rev. St. § 4529, as amended (Comp. St. § 8320).

2. **Seamen ⚖═33—Payment of full wages claimed on penalty of double wages for wrongful refusal to pay.**

Where the master, without sufficient cause, refused to pay seamen their wages, but thereafter the owner paid the wages in full, the owner is entitled to credit for such payment against the penalty of double wages imposed for the wrongful refusal to pay, under Rev. St. § 4529, as amended (Comp. St. § 8320).

Appeal from the District Court of the United States for the First Division of the Northern District of California; Frank H. Rudkin, Judge.

Libel by T. S. Vincent and others against the United States and the Pacific Mail Steamship Company, to recover the penalty of double wages for wrongful refusal of discharge as seamen. From a decree for libelants, with certain deductions, both parties appeal. Affirmed.

The appellants and the appellees appeal from the decision of the court below. On December 13, 1919, the appellees signed shipping articles at the port of San Francisco to Manila, P. I., for final discharge, for a term of time not exceeding six calendar months. The articles contained a stipulation that the appellees should receive second-class transportation and wages to San Francisco upon the termination of the voyage. The vessel proceeded to Honolulu, thence to Sydney and New Castle, Australia, and thence to Manila, where she arrived on February 28, 1920. On the next day the appellees left the vessel and demanded their wages, claiming that their term of service had expired. On March 3 they were each paid one-half of the wages earned up to and including February 29. The master contended that the appellees were bound by the shipping articles to continue the voyage to Hongkong, China, and thence to return to Manila for final discharge. They declined to do this unless new articles were signed for the voyage. The master denied his authority to sign new articles. The appellees remained 24 days at Manila and returned upon a government transport to San Francisco, where they arrived April 26 and were paid wages in full to the date of their arrival. In their libel in the court below they claimed, first, double pay from March 4 to April 26, 52 days, as a penalty for failure to pay the wages due at the expiration of the term of service; second, the cost of second-class passage from Manila to San Francisco; third, $10 to each appellee for failure to furnish potatoes for a period of 10 days, and a similar sum for failure to furnish bread for that period; fourth, 75 cents per day for each day of their detention in Manila, that sum being the difference between $2 a day paid for their maintenance, and $2.75 a day agreed upon between the seamen and the shipowners; fifth, $17.50 to appellee Williams for overtime.

The court below, upon the testimony, found that the voyage terminated at

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Manila, and that the appellants, having failed to show sufficient cause for failure to pay the appellees the wages then due them, incurred the penalty imposed by law; that the appellees were entitled to transportation, second class, from Manila to San Francisco; that they were in fact transported free of charge, receiving the same treatment as was accorded to American soldiers, working only one hour every third day to secure certain privileges, and that they were not entitled to recover costs of transportation; that there was failure to furnish the appellees potatoes for 10 days, but no failure to furnish bread; that there was no basis for the recovery of 75 cents per day at Manila, for the reason that the maintenance furnished the appellees was satisfactory, and was paid for by the appellants; that the appellee Williams was entitled to $17.40 for overtime. The court further found that the appellees were entitled to payment as penalty, under section 4529 of the Revised Statutes, as amended by the Act of December 21, 1898, and the Act of March 4, 1915 (Comp. St. § 8320), double pay from March 4 to April 25, and that, having been already paid single pay, if they were awarded by the court double pay for the same period, the result would be that they would be thrice paid, and that equity and justice required no more than the payment of double wages covering the period of default.

H. W. Hutton, of San Francisco, Cal., for appellants and cross-appellees.

Frank M. Silva, U. S. Atty., and Frederick Milverton, Sp. Asst. U. S. Atty., both of San Francisco, Cal., for appellees and cross-appellants.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] We are not convinced that there is error in the decree of the court below. The appellees were clearly entitled to their discharge at Manila. Cases are cited to the proposition that under section 4529, Revised Statutes, as amended by later statutes, liability to the penalty therein prescribed is not incurred in a case where there is a fair ground of dispute as to the right of the seamen to discharge, and we are referred to the fact that on March 24 the insular collector of customs, acting as shipping commissioner, wrote a letter stating: "Whereupon the master thereof rated the said seamen as such deserters, and this office so confirms." We take this to mean that the collector merely confirmed the fact that the master rated the men as deserters. We think there was absence of a fair ground of dispute.

[2] We also think that the court below properly ruled that the master "without sufficient cause" refused to pay the appellees, and we are also of the opinion that the payment which was made on their arrival at San Francisco of full wages should be credited as part payment of the penalty provided for in the statute. We see no reason to disturb the conclusions of the trial court as to the other questions in the case.

The decree is affirmed.